IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LAMAR ADVANTAGE OUTDOOR | § | |
| COMPANY, LP | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | NO. 6:15-CV-865-MHS |
| | § | HON. MICHAEL E. SCHNEIDER |
| | § | |
| CITY OF TYLER, TEXAS | § | |
| *Defendant* | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant, City of Tyler, Texas (the "City"), files this answer in response to the complaint of Plaintiff, Lamar Advantage Outdoor Company, LP ("Lamar"). The paragraphs below correspond to the same numbered paragraphs in Lamar's complaint.

1.      The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint regarding the residency of Lamar.

2.      The City admits it is a governmental entity with an address of 212 South Bonner, Tyler, Texas.

3.      The City denies the Court has jurisdiction because Lamar does not have any viable federal claims. The City denies the Court has jurisdiction over any state law claims alleged by Lamar because The City's governmental immunity bars any such claims.

4.      The City admits that if the Court had jurisdiction, venue would be proper in the Tyler Division.

5.      The City admits it has adopted ordinances for sign and billboard regulations and that Lamar has operated signs and billboards within the City. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5 of the complaint, which are denied.

6.      The City denies the allegations in paragraph 6, except the City admits O-2012-83 was adopted by the City and that a list of an owner's billboards and locations must be submitted along with the annual fee.

7.      The City denies the allegations in paragraph 7 of the complaint, except the City admits that Lamar sent a letter to the City dated January 2, 2014.

8.      The City denies the allegations in paragraph 8 of the complaint, except the City admits that on January 30, 2014, Lamar submitted a check for $37,200 to the City.

9.      The City admits the allegations in paragraph 9 of the complaint.

10.     The City denies the allegations in Paragraph 10 of the complaint, except that the City admits it sent a letter dated August 31, 2015, to Lamar, reducing the annual registration fee to $186.52.

11.     The City denies the allegations in paragraph 11 of the complaint.

11a.    The City denies the allegations in paragraph 11a of the complaint.

11b.    The City denies the allegations in paragraph 11b of the complaint.

11c.    The City denies the allegations in paragraph 11c of the complaint.

11d.    The City denies the allegations in paragraph 11d of the complaint.

12.     The City admits the allegations in paragraph 12 of the complaint.

13.     The City denies the allegations in paragraph 13 of the complaint.

14.     The City denies the allegations in paragraph 14 of the complaint, except the City admits Lamar's counsel sent a letter to the City Manager dated September 15, 2015.

15.     The City denies the allegations in paragraph 15 of the complaint.

16.     The City denies the allegations in paragraph 16 of the complaint.

17.     The City denies the allegations in paragraph 17 of the complaint.

18.     The City denies the allegations in paragraph 18 of the complaint.

19.     The City denies the allegations in paragraph 19 of the complaint, except the City admits the amount of the annual billboard registration fee is $186.52.

20.     The City denies the allegations in paragraph 20 of the complaint.

21.     The City denies the allegations in paragraph 21 of the complaint.

22.     The City denies the allegations in paragraph 22 of the complaint.

23.     The City denies the allegations in paragraph 23 of the complaint.

24.     The City denies the allegations in paragraph 24 of the complaint.

25.     The City denies the allegations in paragraph 25 of the complaint.

26.     The City denies the allegations in paragraph 26 of the complaint.

27.     The City denies the allegations in paragraph 27 of the complaint.

28.     The City denies the allegations in paragraph 28 of the complaint.

29.     The City denies the allegations in paragraph 29 of the complaint.

30.     The City denies the allegations in paragraph 30 of the complaint.

31.     The City denies the allegations in paragraph 31 of the complaint, except the City admits the amount of the annual billboard registration fee is $186.52.

32.     The City denies the allegations in paragraph 32 of the complaint.

33.     The City denies the allegations in paragraph 33 of the complaint.

34.     The City denies the allegations in paragraph 34 of the complaint.

35.     The City denies the allegations in paragraph 35 of the complaint.

36.     The City denies the allegations in paragraph 36 of the complaint.

37.     The City denies the allegations in paragraph 37 of the complaint.

38.     The City denies the allegations in paragraph 38 of the complaint, except the City admits the amount of the annual billboard registration fee is $186.52.

39.     The City denies the allegations in paragraph 39 of the complaint.

40.     The City denies the allegations in paragraph 40 of the complaint.

41.     The City denies the allegations in paragraph 41 of the complaint.

42.     The City denies the allegations in paragraph 42 of the complaint.

43.     The City denies the allegations in paragraph 43 of the complaint.

44.     The City denies the allegations in paragraph 44 of the complaint.

45.     The City denies the allegations in paragraph 45 of the complaint.

46.     The City denies the allegations in paragraph 46 of the complaint.

47.     The City denies the allegations in paragraph 47 of the complaint.

48.     The City denies the allegations in paragraph 48 of the complaint.

49.     The City denies this Court has jurisdiction.

50.     The City denies the allegations in paragraph 50 of the complaint.

50a     The City denies the allegations in paragraph 50a of the complaint.

50b.    The City denies the allegations in paragraph 50b of the complaint.

50c.    The City denies the allegations in paragraph 50c of the complaint.

50d.    The City denies the allegations in paragraph 50d of the complaint.

50e.    The City denies the allegations in paragraph 50e of the complaint.

51.     The City denies the allegations in paragraph 51 of the complaint.

52.     The City denies the allegations in paragraph 52 of the complaint.

53.     The City denies that Lamar is entitled to the relief requested in the prayer portion of the complaint.

54.     The City requests a trial by jury.

WHEREFORE, the City requests that Lamar take nothing by this action and requests an award of the general and special relief that the City is entitled to receive.

Respectfully submitted,

M. KEITH DOLLAHITE, P.C.
5457 Donnybrook Avenue
Tyler, Texas  75703
(903) 581-2110
(903) 581-2113  (Facsimile)
keith@mkdlaw.us

/s/ Keith Dollahite
By:_____
M. Keith Dollahite
State Bar No. 05958550

Attorney for Defendant, City of Tyler, Texas

## CERTIFICATE OF SERVICE

The foregoing document filed and served electronically in compliance with Local Rule CV-5(a), on October 23, 2015.

/s/ Keith Dollahite
_____